In the Matter of the Claim of ROSE B. SMITH, Respondent, v. COUNTY OF NASSAU, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a decision awarding death benefits. Decedent sustained a compensable heart attack on November 11, 1954, while in appellant's employ and, being disabled from coronary thrombosis and from the resultant coronary insufficiency and cardiac weakness, was awarded and paid compensation for partial and total disability up to the date of his death, which occurred on April 6, 1962 and which was attributed by Dr. Spiess, the physician who attended him in his terminal illness and who signed his death certificate, to cerebral hemorrhage of two days' duration, due to arteriosclerotic heart disease of six years' duration. There was no autopsy. Dr. Anderson, the physician who reported that he had treated decedent about once a month from April 2, 1955, to April 3, 1962, for the condition resulting from the 1954 compensable cardiac attack, found the cause of death to be cerebral hemorrhage due to arteriosclerosis and hypertension, naming as contributory causes "General and cerebral arteriosclerosis, with hypertensive and coronary heart disease; previous infarctions, etc.", and reported that death was due to the 1954 accident. In his testimony before a Referee, Dr. Anderson said that when he examined decedent three days before his death the effects of the 1954 accident still persisted and contributed to and hastened his death. Dr. Spiess, although generally denying causation, when asked whether the 1954 accident, if it contributed in any way to the arteriosclerotic process, would in turn play some part in causing death, replied, "If it did, yes"; and, of course, Dr. Anderson, the physician who attended him for seven years, had testified that the accident did, in fact, contribute to the arteriosclerosis. The experts called by the employer denied causation, with at least minor qualifications in one or two instances, but the board was entitled to accept the evidence adduced in support of causal relation, which we are unable to account less than sub-

stantial. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.